FILED
06/05/2019
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 15, 2019

IN RE M.N.

Appeal from the Chancery Court for Roane County
No. 2017-AD-518    Frank V. Williams, III, Chancellor

_____

No. E2018-01582-COA-R3-PT

_____

The trial court terminated the parental rights of T.N. (mother) with respect to her child M.N. The court also granted a petition for adoption by stepmother A.N. Because the court did not "make[] specific findings of fact and conclusions of law," Tenn. Code Ann. § 36-1-113(k) (Supp. 2018), we remand the case to the trial court for the entry of an appropriate order.[1]

**Tenn. R. App. P. 3 Appeal as of Right; Case Remanded with Instructions**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which RICHARD H. DINKINS and THOMAS R. FRIERSON, II, JJ., joined.

Allison M. Rehn, Harriman, Tennessee, for the appellant, T.N.

Jason R. Hines, Harriman, Tennessee, for the appellees, J.E.N. and A.D.N.

---

[1] Although this issue does not appear in the mother's "statement of the issues," this Court has the discretion to address this matter. *See*, Tenn. R. App. P. 2.

# MEMORANDUM OPINION[2]

## I.

The trial court entered the following order:

This matter came for hearing on June 28, 2018, before the Hon. Chancellor Frank Williams, Chancellor for Roane County, Tennessee for Final Hearing on the Adoption Proceedings. Based upon the pleadings, the arguments of the Petitioners and the record as a whole, the Court finds and Orders as follows:

1. [T.N.] had proper service and notice of the Court hearing but was not present at the opening of Court at 9:30 a.m.

2. [T.N.] spoke with her attorney the night before court and said that she was going to be at Court for the hearing.

3. The Court delayed the trial of the case for an hour, until 10:30 a.m., at which time [T.N.] was not present and her attorney had not been able to reach her.

4. With [T.N.] still being absent and unable to be reached as of 10:30 a.m., the Court determined that the matter should proceed as scheduled.

5. The Petitioner offered the testimony of the witnesses in the case, including the father, [J.N.], [A.N.], his wife and petitioner of the adoption of the minor child, and the in Chambers testimony of the minor child.

---

[2] Rule 10 of the Rules of the Court of Appeals provides as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

6. The Respondent had no witnesses to call, with the Respondent, [T.N.], still not being present at Court at 11:30 a.m.

7. Specifically, the Court finds by Clear and Convincing Evidence that the Respondent, [T.N.], has abandoned the minor child [M.N.]

8. In doing so, the Court finds that she has failed to communicate with the minor child, support the minor child or act as a parent in any meaningful way for more than four months preceding the filing of the petition for termination and adoption.

9. The Court further finds that any problems she may have had which contributed to her failure to do so where [sic] of her own doing and were a result of her continued use and abuse of illegal drugs.

10. The Court finds that drug abuse is not an excuse for her failure to parent her minor child.

11. Accordingly, the parental rights of the Respondent, [T.N.], to the minor child are terminated.

12. The Court further finds by clear and convincing evidence that it is in the best interest of the minor child that the Petitioner [A.N.] should become the mother of [M.N.] as if born to her biologically.

13. The Court finds by clear and convincing evidence that the family unit enjoyed by the Petitioners and the minor child is sound, intact and stable, and is in a position to provide, good, sound leadership and support of the minor child that will allow her to become a functioning and mature adult capable of enjoying life.

14. The Court finds that there is no doubt in the Court's mind that the Petition for termination and adoption is in the best interest of the minor child and accordingly, the [court] grants the termination and adoption petition.

15. The Parental rights of the Respondent, [T.N.], being hereby terminated, and the adoption by [A.N.] being hereby granted, the State of Tennessee shall cause the birth certificate of [M.N.] to be amended, striking the name and information of [T.N.] as mother of the minor child and replacing it with the information of [A.N.] as mother of the minor child.

16. Until such time as the parents receive the amended Certificate for [M.N.] and, indeed subsequent to the receipt of the amended birth certificate, this order shall stand as adequate proof of the relationship between the Petitioners and the minor child for all purposes in which a birth certificate or proof of relationship would be required.

## II.

Under Tenn. Code Ann. § 36-1-113(c), "[t]ermination of parental or guardianship rights must be based upon: (1) [a] finding by the court by clear and convincing evidence that the grounds for termination of parental or guardianship rights have been established; and (2) [t]hat termination of the parent's or guardian's rights is in the best interests of the child." Tenn. Code. Ann. § 36-1-113(k) states "[t]he court shall enter an order that makes specific findings of fact and conclusions of law within thirty (30) days of the conclusions of the hearing." This portion of that statute outlines the requirement of the trial court to "make 'findings of fact and conclusions of law as to whether clear and convincing evidence establishes the existence of each of the grounds asserted for terminating [parental] rights.'" *In re Carrington H. et al.*, 483 S.W.3d 507,523 (Tenn. 2016) (citing *In re Angela E.*, 303 S.W.3d 240, 255 (Tenn. 2010)).

Should the trial court fail to enter an order that makes specific findings of fact and/or conclusions of law, "the Tennessee Supreme Court has instructed the appellate courts to remand that case to the trial court for the preparation of [an] appropriate written findings of fact and conclusions of law." *In re C.R.B.*, No. M2003-00345-COA-R3-JV, 2003 WL 22680911, at *4 (Tenn. Ct. App., filed Nov. 13, 2003) (citing *In the Matter of D.L.B.*, a Minor, 118 S.W.3d 360, 367 (Tenn. 2003)); *see also In re Angela E.*, 303 S.W.3d 240, 251 (Tenn. 2010) ("The Court of Appeals, therefore, has routinely remanded contested termination cases to the trial court for failure to make findings of fact and/or conclusions of law, whether related to the grounds for termination or the child's bests interests."); *The Adoption Place, Inc. v. John Doe*, 273 S.W.3d 142, 151 (Tenn. Ct. App. 2007) (citing *In re Adoption of Muir*, No. M2002-02963-COA-R3-CV, 2003 WL 22794524, at *3 (Tenn. Ct. App., filed Nov. 25, 2003) ("When a trial court has not complied with this statute, the Court cannot review the record de novo. . . . It must vacate and remand for the preparation of written findings of fact and conclusions of

law."")); ***State Dept. of Children's Servs. v. A.M.H.***, 198 S.W.3d 757, 762 (Tenn. Ct. App. 2006) (citing ***In re D.L.B.***, 118 S.W.3d 360, 367 (Tenn. 2003) ("When a lower court has failed to comply with T.C.A. § 36-1-113(k), the appellate courts must remand the case with directions to prepare the required findings of fact and conclusions of law.")).

## III.

In the present case, the trial court failed to comply with Tenn. Code Ann. § 36-1-113(k).[3]  Instead of making specific findings of fact to support the court's legal conclusions, the court's order simply made broad, conclusory statements regarding the grounds for termination and the child's best interests.  Because the court failed to comply with Tenn. Code Ann. § 36-1-113(k), this case is remanded to the court with instructions to make specific findings of fact and conclusions of law.  Costs on appeal are taxed to the appellees, J.E.N. and A.D.N.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[3] It appears to us that the defective judgment was drafted by the attorney for the petitioners and not the Learned Trial Judge.